UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| MARVIN REX LEVERETTE, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 4:13-CR-33-HSM-SKL-1 |
| | ) | 4:16-CV-63-HSM |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court are competing motions: Petitioner seeks permission to voluntarily dismiss his collateral challenge without prejudice under Federal Rule of Civil Procedure 41(a)(2) [Doc. 50]; the United States asks that this Court deny and dismiss that same collateral challenge with prejudice in light of *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) [Doc. 51].

Petitioner filed the underlying motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on June 20, 2016 [Doc. 45].[1] In it, he: (1) challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)].[2] The United States responded in opposition [Doc. 47]; Petitioner replied in turn [Doc. 48].

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition challenging Petitioner's base offense level [Doc. 45].

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

On March 6, 2017, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. at 894. Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 49]. Shortly thereafter, this Court received the instant motions for dismissal with and without prejudice [Docs. 50, 51].

## I. MOTION FOR VOLUTNARY DISMISSAL WITHOUT PREJUDICE

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a movant may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party

---

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

2

serves either an answer or a motion for summary judgment[.]" Subsection (B) states the following:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal—or state—court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). By contrast, Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because the United States responded in in opposition to the § 2255 motion and because that response addressed the merits of the petition, Petitioner's ability to voluntarily dismiss the instant action depends on Rule 41(a)(2).

Whether to grant voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). An abuse of discretion exists "only where the [non-movant] would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In determining whether the non-movant will suffer "plain legal prejudice," the district court should consider the following: "the [non-movant's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). It is not necessary that every factor be resolved in favor of the moving party for dismissal to be appropriate. The factors only serve as a guide for the district court's consideration in making its determination. *See Rast v. City of Pigeon Forge*, No. 3:10-cv-52,

2011 WL 884941, at *3 (E.D. Tenn. Mar. 11, 2011) (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

Petitioner cites the following in support of voluntary dismissal: (1) the petition contained a legitimate and meritorious legal challenge when filed but was later rendered non-meritorious by *Beckles*; (2) the United States expended little effort and expense in filing the response by using the same form motion in numerous *Johnson* cases; and (3) there was no lack of diligence or excessive delay on the part of Petitioner in requesting dismissal [Doc. 50]. The United States responded by challenging the first and second assertions, but not the third [Doc. 51].

After considering the parties' arguments and evaluating the instant case in light of the *Grover* factors, this Court does not believe that dismissal without prejudice would be appropriate.

First, the United States expended significant effort in responding to the petition. *Cf.* Rule 5 Governing Section 2255 Proceedings (explaining that the United States is not required to respond to a § 2255 motion unless ordered to do so by the district court). In addition to conducting an individualized evaluation of Petitioner's case, the United States researched and briefed several complex legal issues, including constitutional vagueness and retroactivity. The fact that it used similar or identical analysis in other *Johnson*-based post-conviction challenges does not change the fact that the instant motion for relief resulted in, or at least contributed to, a significant expenditure of time and resources.

Second, allowing voluntarily dismissal without prejudice at this stage of the proceeding, i.e., after the United States responds to the merits of the petition, could result in widespread abuse and significant prejudice to the United States. Under the "Antiterrorism and Effective Death Penalty Act of 1996," petitioners cannot file a second or successive § 2255 petition in the

district court until they move in the United States Court of Appeals for an order authorizing the district court to consider that motion. *See* Rule 9 Governing Section 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."). The standard for gaining leave to file a second or successive petition is significantly higher than that involved with a petitioner's initial collateral challenge. 28 U.S.C. § 2255(h). It is not hard to imagine that prisoners might circumvent the successive filing barrier by submitting an initial § 2255 challenge, securing a response from the United States, reviewing that response to determine whether he likes or dislikes his chances of success, moving to voluntarily dismiss without prejudice under Rule 42(a)(2) when he concludes that the odds of a favorable ruling are too slim, and submitting an entirely new petition with distinct grounds of collateral attack. He could then repeat the process.

Third, this Court disagrees that this case is distinguishable from a typical § 2255 motion because the theories for relief were legitimate and meritorious when filed [Doc. 50 pp. 1, 3 ("[Petitioner] has provided the Court with a sufficient basis for the need to take a dismissal, namely, that the developing body of law in this matter morphed since the filing of the § 2255 motion from a legitimate arguable claim, to a meritorious claim (due to *Pawlak[v. United States*, 822 F.3d 902 (6th Cir. 2016)]), then finally a non-meritorious claim (due to *Beckles*).")]. While it is true that the Sixth Circuit held "that *Johnson*'s vagueness analysis applie[d] equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness," *Pawlak*, 822 F.3d at 911, neither it nor the Supreme Court ever held that the resulting rule applied on collateral review, *see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule

5

that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). In fact, the courts within this district have consistently held that it would not. *Henley v. United States*, No. 1:14-cv-328-CLC, 2016 WL 2643002, at *2–5 (E.D. Tenn. May 9, 2016) (concluding that the Supreme Court had not yet "made" *Johnson*'s application in the Guideline context retroactive on collateral review); *Lynn v. United States*, No. 3:15-cv-571-TWP, 2016 WL 1258487, at *2–4 (E.D. Tenn. Mar. 30, 2016) (same); *Barnes v. United States*, 3:15-cv-375-TAV, 2016 WL 1175092, at *2–4 (E.D. Tenn. Mar. 23, 2016) (same); *Frazier v. United States*, No. 1:09-cr-188-CLC, 2016 WL 885082, at *2–6 (E.D. Tenn. Mar. 8, 2016) (same). As such, *Beckles* merely confirmed what many courts within this district suspected to be true all along. *See Beckles*, 137 S. Ct. at 894 (explaining that the United States Sentencing Guidelines are "not amenable to vagueness challenges"); *Frazier*, 2016 WL 885082, at *1 n. 1 ("*Johnson*'s effect on [Section] 4B1.2(a)'s residual clause is doubtful.").

For the foregoing reasons, Petitioner's request for voluntary dismissal will be denied. *Accord United States v. Hamilton*, No. 3:12-cv-1928, 2012 WL 5292880, at *2 (N.D. Ohio Oct. 25, 2012) (denying attempt to voluntarily dismiss a fully briefed § 2255 motion "in the face of what [the petitioner] perceive[d] to be near certain defeat").

## II.  MOTION TO DENY AND DISMISS WITH PREJUDICE

This Court is also in possession of the United States' request to deny and dismiss the challenge to Petitioner's base offense level in light of *Beckles*. That motion will be granted.

### A.  Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

6

fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

   B.   **Analysis**

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that Petitioner's prior Tennessee conviction for aggravated burglary cannot be categorized as a crime of violence without that clause, that argument fails because the Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not affect Petitioner's base offense level, that decision cannot serve as a basis for granting relief.

**III.   CONCLUSION**

For the foregoing reasons, Petitioner's motion for voluntary dismissal without prejudice [Doc. 50] will be **DENIED**, the United States' motion to deny and dismiss with prejudice [Doc. 51] will be **GRANTED**, and Petitioner's § 2255 motion [Doc. 45] will be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE